**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 16, 2019

**BY CM/ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     **Re:**    ***United States v. Darnel Hooker*, 18 Cr. 768 (RMB)**

Dear Judge Berman:

     The defendant in the above-captioned case is scheduled to be sentenced before Your Honor on November 4, 2019.  For the reasons set forth below, the Government believes that a Guidelines sentence of 60 months' imprisonment is sufficient, but not greater than necessary, to meet the legitimate purposes of sentencing.

### I.  Offense Conduct

     The defendant, a previously convicted felon, shot and injured two people on October 5, 2018 in the courtyard of the Sedgwick Houses in the vicinity of West 174th Street and Montgomery Avenue in the Morris Heights neighborhood of the Bronx.  He did so after participating in a physical fight with the victims in a nearby liquor store.  (PSR ¶¶ 10, 21).  After that altercation, the defendant stalked the victim to Sedgwick Houses where he fired at them multiple times, hitting one victim ("Victim-2") in the abdomen and arm, and the other victim ("Victim-1") in the leg. (PSR ¶ 8).

     Surveillance video captures the defendant's path that night, and is consistent with accounts from Victim-1 and Victim-2.  (PSR ¶¶ 10-21).   Among other things, the video shows that the defendant made his way from a barbershop to a liquor store on Featherbed Lane in the Bronx. (PSR ¶ 10).  The defendant arrived at the liquor store as Victim-1 and Victim-2 were leaving it. Victim-2 bumped into the defendant's associate ("UM-1") as he left the store, which led to a physical confrontation between Victim-2 and UM-1, in which the defendant ultimately joined. (PSR ¶ 10).  The defendant and Victim-2 exchanged several blows, leaving the defendant bleeding from his head as he walked away from the liquor store.  (PSR ¶¶ 10, 16).   During the fight, UM-1 pulled and flashed a pistol from his waistband.  (PSR ¶¶ 10-11).  Victim-1 went to a supermarket from the liquor store and then walked to the Sedgwick Houses where he met Victim-2 on a stairway near the corner of Montgomery Street leading to the housing development.  (PSR ¶ 17).  The shooting itself is not captured on surveillance video, but video from the vicinity shows the

defendant following in the direction of Victim-1 moments before the shooting in the direction of the steps leading up to the Sedgwick Houses.  (PSR ¶ 17).  Moments after the shooting, the defendant fled the scene of the crime, walking away from the Sedgwick Houses, and back in the direction from which he had just come.  (PSR ¶ 19).  As the defendant proceeded farther away from the shooting and turned a corner, he continued to walk noticeably faster away from the scene.  (PSR ¶¶ 19-20).  NYPD officers recovered shell casings at the top of the steps leading to the Sedgwick Houses, right where the defendant was standing at the time of the shooting.  (PSR ¶ 2).  NYPD officers responding to the scene of the shooting also spoke to at least one eyewitness who provided a description of the shooter that matched the defendant.

On October 12, 2018, the defendant was arrested by NYPD officers in connection with this shooting and charged by complaint.  (Docket Nos. 1, 4).  On October 22, 2018, a grand jury returned an indictment, 18 Cr. 768 (RMB), charging the defendant with one count of being a felon in possession of ammunition in or affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).  (Docket No. 7).  On or about July 2, 2019, the defendant pled guilty to a Superseding Information, S2 18 Cr. 768 (RMB) charging him with conspiring to possess ammunition, in violation of 18 U.S.C. § 371.  (PSR ¶¶ 1-2).

## II.  The Applicable Guidelines Range

As set forth in the Presentence Report ("PSR"), the parties stipulated, among other things, that the defendant possessed ammunition in connection with attempted murder and that a victim sustained permanent or life-threatening bodily injury, and that the applicable offense level was therefore 34.  (PSR ¶ 4).  The parties further stipulated that the defendant has 12 criminal history points and is in Criminal History Category V.  (PSR ¶ 4(h)).  Based on these calculations, the plea agreement stipulated an applicable Guidelines range of 235 to 293 months' imprisonment, but further specified that the Stipulated Guidelines Sentence was 60 months' imprisonment because 60 months was the statutorily authorized maximum sentence.  (PSR ¶ 4(i)).

Probation likewise calculates a Guidelines range of 235 months to 293 months, capped by the statutorily authorized maximum sentence of 60 months' imprisonment.  (PSR ¶ 100).  The PSR recommends a sentence of 60 months' imprisonment.  (PSR at p. 25).

## III.  Discussion

### A.  Applicable Law

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 596.  After that calculation, however, the Court must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the

offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

### B.      A Guidelines Sentence is Appropriate in this Case.

In light of the nature and circumstances of the instant offenses, as well as the history and characteristics of the defendant, the Government respectfully submits that the Court should impose a sentence at the Stipulated Guidelines Sentence of 60 months' imprisonment. The 18 U.S.C. § 3553(a) factors most applicable here include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to protect the public from harm, to provide just punishment, and to afford adequate deterrence to this defendant and to other similarly situated individuals. *See* 18 U.S.C. § 3553(a)(2)(A)-(B).

*First*, the defendant's offense was extremely serious and just punishment is needed. Based on the apparent provocation of one of the victims bumping into the defendant's friend at a liquor store, the defendant retaliated first with physical assault and then by shooting and severely injuring his two victims. This attempted murder also clearly involved premeditation and planning. The defendant stalked the victims to the courtyard of the Sedgwick Houses with the intent to shoot them and opened fired at close range, shooting at them numerous times. By committing this shooting in the public courtyard of a residential neighborhood, the defendant not only endangered the victims but also the residents of this residential complex and other passersby.

*Second*, the defendant committed this senseless act of violence with a track record of serious criminal activity and a failure to be deterred by prior convictions or prior substantial prison sentences. The Court should have no confidence that the defense's suggested sentence of 36 months in prison will adequately deter this particular defendant from committing future serious, violent crimes; as detailed in the PSR, the defendant was previously sentenced to 5 years' imprisonment for shooting a robbery victim in the knee. (PSR ¶ 48). Despite that prior sentence, the defendant went on to commit a very similar offense here, and the sentence should therefore reflect the need to deter the defendant from future crime and to protect the public from future harm.

## V.      Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a Guidelines sentence of 60 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:      ____/s/_____
Andrew K. Chan
Danielle R. Sassoon
Assistant United States Attorney
(212) 637-1072/1115

cc: Sarah Baumgartel, Esq.